**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUL 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ALBERTO LOPEZ-GUZMAN, | No.   18-72099 |
| Petitioner, | |
| v. | Agency No. A077-104-888 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Luis Alberto Lopez-Guzman, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum and withholding of removal, and denying his request for a continuance.

We have jurisdiction under 8 U.S.C. § 1252.  We review questions of law de novo,

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review for abuse of discretion the denial of a continuance. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We deny the petition for review.

The IJ did not abuse her discretion in denying Lopez-Guzman's request for a continuance because he failed to establish good cause for a continuance. *See Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) ("[A]n IJ may grant a motion for continuance for good cause shown." (internal quotation marks and citation omitted)).

Lopez-Guzman claims past persecution and a well-founded fear of future persecution based on the harm he experienced in Mexico. Substantial evidence supports the agency's determination that the harm Lopez-Guzman suffered in Mexico did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation

marks and citations omitted)).  Substantial evidence also supports the agency's determination that Lopez-Guzman failed to establish a well-founded fear of persecution in Mexico.  *See id.* at 1018 (possibility of future persecution "too speculative").  As to Lopez-Guzman's fear of future persecution as a returnee to Mexico, the agency did not err in finding that Lopez-Guzman failed to establish membership in a cognizable social group.  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (concluding "returning Mexicans from the United States" did not constitute a particular social group).  Thus, Lopez-Guzman's asylum claim fails.

In this case because Lopez-Guzman failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**